IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01703-PAB-MDB

DARRELL A. LINK,

    Plaintiff,

v.

UNITED STATES ATTORNEY GENERAL, U.S. Department of Justice,
U.S. BANKRUPTCY COURT FOR THE SOUTHERN DIVISION,
UNITED STATES EXECUTIVE OFFICE OF THE PRESIDENT, White House,
SUPREME COURT OF THE UNITED STATES,
UNITED STATES SECRETARY OF STATE,
SOUTH DAKOTA 1ST JUDICIAL CIRCUIT COURT,
UNITED STATES DISTRICT COURT, S Div., Room 303, U.S. Court House, Sioux Falls, SD,
ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,
SOUTH DAKOTA SUPREME COURT,
UNITED STATES DEPARTMENT OF DEFENSE,
GOVERNOR FOR THE STATE OF SD, and
UNITED STATES CONGRESS

    Defendants.

---

# ORDER

---

This matter comes before the Court on Plaintiff's Motion for Noting and Entry of Default, Split Default Judgment, and Request for Hearing [Docket No. 37]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

On July 3, 2023, plaintiff filed his complaint. Docket No. 1. The complaint appeared to allege claims under 42 U.S.C. § 1983 that were supposedly related to an arrest and criminal prosecution of plaintiff. *See* Docket No. 33 at 2. On November 21, 2023, the assigned magistrate judge issued an order to show cause directing plaintiff to

explain why the case should not be dismissed for his failure to serve the defendants in a timely manner.  Docket No. 29.  The magistrate judge found that, while the plaintiff had filed "proofs of service," those documents were deficient on their face and also lacked supporting evidence that service had actually been achieved.  *Id.* at 2.  The magistrate judge ordered plaintiff to explain, on or before December 22, 2023, why the magistrate judge should not recommend that the case be dismissed.  *Id.* at 3.

After plaintiff did not respond to the order to show cause, the magistrate judge issued a recommendation on May 15, 2024 that plaintiff's claims be dismissed without prejudice.  Docket No. 33 at 7.  Plaintiff did not file an objection to the recommendation.  Docket No. 35 at 1.  On June 4, 2024, the Court accepted the recommendation, dismissed plaintiff's claims without prejudice, ordered that the case be closed, and entered final judgment.  *Id.* at 2; Docket No. 36.

On December 9, 2024, plaintiff filed a motion making four requests.  Docket No. 37 at 2.  First, he requests that the Clerk of the Court enter default against the defendants for failing to respond to the complaint.  *Id.* at 2, 5.  Second, he requests a "hearing for split default judgment to adjudicate non-monetary relief requested in the complaint."  *Id.* at 2.  Third, he requests a "hearing on the merits for all other claims, including monetary relief."  *Id.*  Fourth, he requests a "limited discovery inquiry into defendants' insurance coverage to ensure adequate remedies are available to address all claims."  *Id.*

The Court will deny plaintiff's motion.  A party generally cannot not file motions in a closed case, *see Pemberton v. Patton*, 757 F. App'x 689, 691-92 (10th Cir. 2018) (unpublished), and "[c]ourts regularly decline to substantively consider motions filed in a

2

case after the case has been closed." *Hackborn v. Hansen*, No. 19-cv-02679-DDD-NYW, 2022 WL 540654, at *2 (D. Colo. Feb. 23, 2022) (collecting cases). The Court closed this case on June 4, 2024, Docket No. 36 at 2, and therefore will not substantively consider this post-closure motion.

Even if the Court were to consider the merits of plaintiff's motion, the Court would deny the motion. First, the Court would deny plaintiff's request for an entry of default, Docket No. 37 at 2, 5, because plaintiff has failed to properly serve the defendant. *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 711 (10th Cir. 2014) (unpublished). Here, as the magistrate judge explained, plaintiff's service was defective. Docket No. 29 at 2.

Second, the Court would deny plaintiff's request for a "hearing for split default judgment," Docket No. 37 at 2, because a plaintiff cannot seek default judgment in a case that has been dismissed. *See Evan v. Don's Tong Serv.*, 16 F.3d 415, 1994 WL 44860, at *2 (10th Cir. Feb. 16, 1994) (unpublished table opinion).

Third, the Court would deny plaintiff's request for a "hearing on the merits for all other claims." Docket No. 37 at 2. The Local Rules provide that "[a] motion may be decided without oral argument at the discretion of the court." D.C.COLO.LCivR 7.1(h). The Court finds no reason why a hearing would be helpful or even appropriate to address claims that have already been dismissed.

Fourth, the Court would deny plaintiff's request for a "limited discovery inquiry." Docket No. 37 at 2. "Whether or not to permit discovery is left to the trial court's discretion." *Sierra Club v. Fed. Highway Admin.*, No. 17-cv-01661-WJM-MEH, 2018 WL 1695402, at *8 (D. Colo. Apr. 6, 2018) (citation omitted). The Court finds that there is no reason that would merit opening discovery in a case, such as this one, where the

3

plaintiff never properly served the defendants and where the Court has already dismissed the claims and closed the case.

It is therefore

**ORDERED** that Plaintiff's Motion for Noting and Entry of Default, Split Default Judgment, and Request for Hearing [Docket No. 37] is **DENIED**.

DATED August 18, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4